UNITED STATES of America,
Plaintiff-Appellee,

v.

Sidney Benjamin MILES, Defendant-
Appellant.

No. 30660

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 2, 1971.

Robert Straub, Decatur, Ala. (court-appointed), for defendant-appellant.

Wayman G. Sherrer, U. S. Atty., Melton L. Alexander, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

Sidney Benjamin Miles appeals from a judgment of conviction based on a jury verdict. The jury found him guilty in that he did, by threats of force, endeavor to intimidate and impede federal officers acting in their official capacities in conducting an investigation into possible violations of the Internal Revenue Laws of the United States, in violation of 26 U. S.C. § 7212(a).

On May 11, 1970, in a wooded rural area of Jackson County, Alabama, Officers Barrett, Baker and Deal, Special Investigators with the Alcohol, Tobacco and Firearms Division of the Internal Revenue Service, were prodigiously working in their official capacities of destroying an illegal whiskey distillery. They had broken up a few jugs and had pulled the drum still and drum capper out from under the rocks so they could cut it up with an axe or dynamite the whole works, when Baker, who had separated from Barrett and Deal, looked up. Ten yards away from him was a man with his right hand on the trigger portion of a shotgun. The shotgun was lev-

---

* ▮ Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

elled at him, Baker. The shotgun wielder opened the following conversation: "What are you moving my stuff for?" "What stuff?" "The drums * * * Get the hell out of here; you haven't got any business being here." Upon Baker being informed that if he did not leave, the stranger (later identified as Miles) would shoot him, Baker started to walk back toward the distillery but continued to engage Miles in conversation in order to warn the two other officers that they were not alone. At about this time, Deal emerged from the bushes and Baker noticed that Deal had his service revolver out and had Miles covered. There followed some screaming and yelling. Miles called out to someone named "Jack."[1] "Come down here they are trying to hijack us." The pace of the activity quickened. Barrett yelled to Miles to lay down his gun, that they were federal officers. Miles replied he did not care if they were. However, after the admonition was repeated several times and after Barrett had drawn his service revolver, Miles put down his gun. Barrett ran toward Miles telling him that he was under arrest and shouting, "What do you mean—trying to shoot someone?", to which Miles responded, "I thought you were trying to hijack my still." The three officers quickly converged on Miles, a scuffle ensued with all four men down on the ground rolling around, resulting in Miles being handcuffed. Officer Barrett then advised Miles of his constitutional rights by reading the customary printed warning form to him.

Appellant contends that the statement, "I thought you were trying to hijack my still," in response to Barrett's question, was improperly admitted in evidence as this was custodial interrogation without the benefit of a *Miranda*[2] warning. The sequence of events, timewise, fails to support appellant's incredible contention of unlawful custodial interrogation by the police. The record establishes, to the contrary, that until an instant or so before Miles was subdued, "police custody" existed only as an immediately-hoped-for element in the minds of the would-be subduers. By that time the several unsolicited outcries of Miles had already had their incriminating effect. Unless the restraint by law enforcement officers is a significant one, *Miranda* warnings are not required.[3]

Affirmed.

---

1. When Miles was queried on cross-examination about the identity of Jack, he said Jack was a dog.

2. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. See United States v. Montos, 5 Cir., 1970, 421 F.2d 215, 223.